**FILED**
**Oct 18, 2023**
**10:03 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **TIMOTHY HOSS,** | ) | **Docket Number: 2018-02-0051** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ASR METALS,** | ) | **State File Number: 87088-2014** |
| **Employer,** | ) | |
| **And** | ) | |
| **TECHNOLOGY INSURANCE** | ) | **Judge Brian K. Addington** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

## COMPENSATION ORDER

The Court held a Compensation Hearing on October 12, 2023, in which Mr. Hoss requested authorization for additional treatment for his 2014 back injury per the settlement agreement. For the following reasons, the Court holds Mr. Hoss is entitled to the requested benefits.

## Claim History

Mr. Hoss injured his back, right knee, and left shoulder when he was involved in a work-related motor vehicle accident. The Court approved the parties' proposed settlement with lifetime medical benefits in March 2020.

ASR authorized Dr. Jim Brasfield to treat Mr. Hoss's back injury. On December 13, 2021, Dr. Brasfield ordered an EMG to treat pain in both legs. Mr. Hoss testified that ASR denied Dr. Brasfield's referral to perform the EMG in his office. ASR then offered a panel of neurologists. Mr. Hoss testified that he selected a doctor in Knoxville, but the adjuster told him that she did not want him driving that far to an appointment and asked him to select Dr. Michael Dew instead.[1]

---

[1] The physician panel documents that Mr. Hoss selected Dr. Dew on February 13, 2023.

1

Mr. Hoss agreed to see Dr. Dew, and the EMG of his right leg was performed in May 2023. On August 23, he reported left foot weakness to Dr. Dew, who ordered an MRI of the back to rule out neuropathy.

At the hearing, counsel for ASR submitted an email as a late-filed exhibit without objection. The email from Technology Insurance's scheduling service confirmed the company is setting up the MRI.[2]

Mr. Hoss testified that ASR's adjuster has repeatedly denied or delayed his treatment. She will not return his phone calls, and he is frustrated with the process of obtaining the medical benefits to which he is entitled. He also requested mileage reimbursement for his doctor visits but offered no proof.

ASR asserted that Mr. Hoss is entitled to medical benefits under their agreement, but it has no control over physician's offices or how they schedule appointments.

### Findings of Fact and Conclusions of Law

At a compensation hearing, Mr. Hoss must show by a preponderance of the evidence that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2023). The Court holds that he satisfied this burden.

The Workers' Compensation Law provides that, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident [.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). Here, the parties agreed that Mr. Hoss is entitled to lifetime medical treatment for his 2014 back injury and Dr. Dew is the authorized physician.

An insurance company has four days to approve an MRI or send the request for utilization review. Tenn. Comp. R. & Reg. 0800-02-06-.06(1)-(2) (February, 2022). Here, the adjuster failed to timely authorize the MRI. Further, Mr. Hoss testified without contravention that the adjuster will not return his calls. Therefore, the Court holds that ASR shall promptly arrange the MRI Dr. Dew ordered.

Mr. Hoss requested mileage reimbursement, but he did not submit an accounting of the mileage he seeks. Section 50-6-204(I)(4)(A) states that, "upon request, the employee shall be reimbursed for reasonable travel expenses." The Court cannot award Mr. Hoss mileage because he did not prove the underlying facts necessary to award this benefit. He may submit a request for mileage reimbursement to ASR and, if appropriately documented, the Court encourages ASR to reimburse Mr. Hoss's mileage according to the Workers' Compensation Law.

---

[2] The email was sent on October 11, 2023, one day before the Compensation Hearing.

Finally, the Bureau's Compliance Program is authorized to assess penalties under the Workers' Compensation Law as well as the General Rules of the Workers' Compensation Program. The Court refers this case to the Compliance Program for possible penalty assessments regarding its handling of Mr. Hoss's claim. Specifically, the Program should consider whether Technology Insurance Company repeatedly and generally failed to timely provide medical benefits and failed to timely approve the MRI that Dr. Dew, the authorized treating physician, ordered on August 23. *See* Tenn. Code Ann. § 50-6-118(a)(8).

**IT IS THEREFORE, ORDERED as follows:**

1. ASR shall pay future medical benefits reasonably necessary for Mr. Hoss's work injuries under Tennessee Code Annotated section 50-6-204(a)(1)(A).

2. The Court taxes the $150.00 filing fee to ASR, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five business days of this order becoming final, and for which execution might issue if necessary.

3. ASR shall file an SD-2 with the Court Clerk within ten days of entry of this order.

4. Unless appealed, this order shall become final thirty days after issuance.

**ENTERED October 18, 2023.**

**/s/ Brian K. Addington**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

# **Appendix**

Exhibits:

1. Medical Records-Dr. Jim Brasfield
2. Medical Records-Dr. Michael Dew
3. Employee's Choice of Physician
4. Email Correspondence

Technical Record:

1. Petition for Benefit Determination
2. Request to Resume Mediation
3. Dispute Certification Notice
4. Hearing Request
5. Status Hearing Order
6. Pre-Compensation Hearing Statement

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Order was sent on October 18, 2023.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| Timothy Hoss, Employee | X | | X | hossxx63@aol.com<br>23489 Green Spring Road<br>Abingdon, VA 24211 |
| Matthew Morris, Employer's Attorney | | | X | mmorris@wimberlylawson.com |
| WC Compliance Program | | | X | wccompliance.program@tn.gov |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*